12-2559
Mehdi v. Holder

BIA
Nelson, IJ
A073 575 544

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand thirteen.

PRESENT:
> **RICHARD C. WESLEY,**
> **GERARD E. LYNCH,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

_____

JAMAL MEHDI,
> *Petitioner,*

v.                         **12-2559**

                                   **NAC**

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Parker Waggaman, Woodside, NY.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General, Civil Division; Lyle D. Jentzer, Senior Litigation Counsel; Daniel I. Smulow, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jamal Mehdi, a native and citizen of Pakistan, seeks review of a May 29, 2012 order of the BIA affirming the October 25, 2010 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jamal Mehdi*, No. A073 575 544 (B.I.A. May 29, 2012), *aff'g* No. A073 575 544 (Immig. Ct. N.Y. City Oct. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude

to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Shi Jie Ge v. Holder,* 588 F.3d 90, 93-94 (2d Cir. 2009). Although inconsistencies and other discrepancies in the evidence may support an adverse credibility determination, such inconsistencies and discrepancies need not be fatal if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. BIA,* 548 F.3d 232, 234 (2d Cir. 2008) (citing *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir. 2006)). To form the basis of an adverse credibility determination, a discrepancy must be substantial when measured against the record as a whole. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir. 2005). Where an inconsistency is dramatic, the agency may rely on it without first soliciting an explanation from the applicant, but may not rest an adverse credibility finding on a minor inconsistency without first giving the applicant a chance to reconcile the testimony. *Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir. 2006); *Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir. 2005). The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *Majidi,* 430 F.3d at 80-81.

The agency's adverse credibility finding in this case was based on numerous contradictions and inconsistencies between Mehdi's account of the

3

length of his detention on the two occasions he was arrested, and his treatment while in custody. Specifically, while Mehdi stated in his asylum application that he was brutally beaten and tortured, he did not testify to any such harm. The cumulative effect of these inconsistencies is substantial when measured against the record as a whole. *See Latifi*, 430 F.3d at 105. Furthermore, Mehdi was confronted with these inconsistencies and given an opportunity to reconcile the testimony. *See Ming Shi Xue*, 439 F.3d at 125. To the extent Mehdi presented any explanation for the discrepancies, the IJ did not err in declining to accept his explanations. *See Majidi*, 430 F.3d at 80-81. Accordingly, the agency did not err in relying upon the inconsistencies to find Mehdi not credible. *See Latifi*, 430 F.3d at 105.

Because the adverse credibility determination is dispositive of Mehdi's asylum claim, we need not reach the agency's alternate conclusion that even if Mehdi were credible, he did not meet his burden of proof because his claim was not adequately corroborated. Moreover, because the only evidence of a threat to Mehdi's life or freedom, or that he was likely to be tortured, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT

4

relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk